# EXHIBIT 3

# Bill Clutter Investigations Inc.

1032 S. 2nd Street, P.O. Box 5359
Springfield, IL 62705-5359
(217)528-5997 Phone
(217)528-6436 Fax

IL Private Detective Agency Lic. #117-001206

## MEMORANDUM OF INTERVIEW

Date: Tuesday April 28, 2009

Person interviewed: Kelly Krajnik, Forensic Scientist
Division of Forensic Sciences
Illinois State Police
515 East Woodruff Road
Joliet, IL 60432
(815)740-3543 tel

Reporting agent: Bill Clutter

The interview was conducted in a conference room at the Joliet crime lab. Present for the interview: Lea Norbut, John Connor, Gerry Kielian, John Rogers.

Krajnik conducted DNA analysis in the Vaughn case. She was asked about her report dated Aug. 9, 2007. All three stains: Exhibit 10B1 (bloodstain from seat belt buckle), Exhibit 21K1 (flesh material from rear hole of jacket) and 41A1 (blood stain from paperback book) matched the DNA profile of Christopher Vaughn. She stated that **Nicole Fundell** called her down and told her that she thought Ex. 21K1 may be tissue. Nicole had already collected it.

She was asked by John Rogers who made the decision as to what evidence to test for DNA. She replied, "In part, I did. Bob Deel helped a lot."

Rogers asked about a document titled "DNA Cover Sheet." Below the heading "Conversation Record" Krajnik identified her handwriting documenting a July 24, 2007 phone conversation she had with ASA **John Conner**:

> "I called to ask about Kimberly Vaughn. At the time her standard was submitted she was listed as a suspect & was therefore entered into the CODIS database. New evidence has come in & she's listed as a victim. Do they want her removed

1

from CODIS? Yes-she's no longer a suspect-remove her from CODIS." (See D3456).

Krajnik explained that she initiated the call to John Conner. She stated that she had been performing the DNA analysis on the case during the early phase of the case investigation, until a family emergency came up, causing her to take time off. She stated at the beginning phase of the case, when Kim Vaughn's DNA standard was submitted to the lab she was listed as a suspect. She stated that their protocol is to enter suspect DNA standards into the Combined DNA Index System (CODIS). She said she called John Conner on July 24, to ask if he wanted Kim Vaughn's DNA profile removed from CODIS, since she was now being identified as a "victim."

John Rogers asked Krajnik, "Do you remember what the new evidence was that changed Kim Vaughn from being a suspect to a victim? She stated because of her having to take time off due to the family emergency, another analyst, **Tanis L. Wildhaber Pfoser**, stepped in and conducted some of the DNA analysis in her absence. She stated that she would need to refer to the evidence receipts in order to answer that question.

Krajnik thumbed through her file and identified an evidence receipt showing evidence having been transported to the ISP crime lab in Joliet on June 22, 2007 (Lab Exhibits 23 thru 38). Reporting agent cross referenced this evidence receipt to defendants bates # 3348. Krajnik stated that when this new evidence came in it had Kim Vaughn listed as a "victim." Mr. Rogers asked her who made that decision to remove Kim Vaughn as a suspect. She stated that the evidence receipt has **Gary Lawson's** name on it as the case officer. She stated that she assumes that Gary Lawson and **Bob Deel** made a joint decision to reclassify Kim as a victim.

Krajnik stated that her first biology report dated June 21, 2007, had Kim Vaughn listed as a suspect. (D3325) "The next report I got, she's listed as a victim. [See Krajnik 7/18//07 report D3372] I didn't know why it changed," said Krajnik. "I made the phone call and asked to remove Kim Vaughn's name from CODIS.," stated Krajnik.

Next, Krajnik was questioned about a document dated 6/15/07 "Met with ALD Dan Gunnell, GS Frank Senese and CSI Bob Deel on 6/15/07—afternoon." (See D3457). Krajnik stated, "I was not at that meeting." She stated that her boss **Julie Glassner** wrote that document.

Krajnik was questioned about her method of testing the passenger seat belt Lab Ex. 10. She was directed to a copy of her laboratory work sheet dated 6/18/07. (See D3467) She stated that she selected the area circled Q1 to swab for DNA analysis. "The idea was to look for something that wasn't soaked through," she said. Krajnik stated that she expected to find Kim Vaughn's blood on the passenger seat belt. The DNA test, however, indicted that this blood belonged to Christopher Vaughn. John Rogers pointed to an area of a large saturated blood stain on the seat belt strap and asked Krajnik, "Was there any samp;ing of this area?" She replied, "No."

2