# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PIERRE VAUGHN and GAIL VAUGHN, | ) ) |
| | ) Case No. 1:22-cv-04133 |
| *Plaintiffs,* | ) |
| | ) Hon. Manish S. Shah |
| v. | ) |
| | ) Mag. Beth W. Jantz |
| STATE OF ILLINOIS, et al., | ) |
| | ) |
| *Defendants.* | ) |

## PLAINTIFFS' RESPONSE TO COUNTY DEFENDANTS' MOTION TO DISMISS

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................2

STANDARD OF REVIEW ..................................................................................................4

ARGUMENT ........................................................................................................................4

    I.   Plaintiffs Have Standing To Challenge The Fairness Of Grand Jury Proceedings Concerning Christopher Vaughn ........................................................4

    II.  The Alleged Misconduct At The Grand Jury Hearing Presents An Actual Case Or Controversy ................................................................................................5

    III.  Plaintiffs Have Standing To Seek The Requested Injunctive Relief Against The County Defendants ............................................................................................7

    IV.  Plaintiffs' 42 U.S.C. § 1983 Claim Is Legally Sufficient Because County Defendants Deprived Them Of Their Rights Secured By The Constitution ..........8

    V.   Plaintiffs Can Seek Injunctive Relief For The Injuries They Have Suffered Due To County Defendants' Actions ......................................................................9

    VI.  The County Of Will Is Properly Joined As A Defendant ...........................10

    VII. Plaintiffs Object To County Defendants' Adoption And Incorporation Of The Arguments In State Defendants' Motion To Dismiss ...................................11

CONCLUSION ...................................................................................................................11

CERTIFICATE OF SERVICE ...........................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)..............................................................4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544; 570 (2007).......................................4

*Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir. 1992)............................................9

*Buchanan-Moore v. Cty. Of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)............7

*Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993).6

*Carver v. Sheriff of LaSalle County (Carver III)*, 324 F.3d at 948 (7th Cir. 2003) 10

*Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019) ..............8

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)............................................................4

*D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015)....................7, 9

*DeFunis v. Odegaard*, 416 U.S. 312, 319 (1974)......................................................9

*Del Marcelle v. Brown County Corp.*, 680 F.3d 887, 908 (7th Cir. 2012)..............10

*Friends of Frederick Seig Grove 94 v. Sonoma County Water Agency*, 124 F. Supp. 2d 1161 (2000)...............................................................................................10

*Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982) ...............................................................................................................................6, 7

*Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003) .......................................4

*Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009)6

*Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dep't of Health*, 699 F.3d 962, 972 (7th Cir. 2012)..................................................................................................8

*Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009) ..........5

*Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26 (1976)........5

*St. Anthony Hosp. v. Eagleson*, 40 F.4th 492, 502 (7th Cir. 2022).............................8

*W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 676 (7th Cir. 2016) ................4

**Statutes**

42 U.S.C. § 1983 ...........................................................................................................4

**Rules**

Fed. R. Civ. P. 12(b)(1)................................................................................................4

Fed. R. Civ. P. 12(b)(6)................................................................................................4

Fed. R. Civ. P. 17 .......................................................................................................10

Plaintiffs Pierre Vaughn and Gail Vaughn, through their attorney the Law Office of Keith Altman, respond to County Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), stating the following:

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544; 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility determination is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 676 (7th Cir. 2016). "Dismissal for failure to state a claim is not appropriate unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## ARGUMENT

I. **Plaintiffs Have Standing To Challenge The Fairness Of Grand Jury Proceedings Concerning Christopher Vaughn**

4

Plaintiffs have suffered a concrete injury, the County Defendants caused their injury, and this Court can provide redressability, leading Plaintiffs to have standing to bring the present case. The injury must be caused by the violation of a duty affecting the Plaintiffs' rights arising under the constitution or federal law. *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26 (1976). Plaintiffs seek relief under 42 U.S.C. § 1983. "To state a claim under this section, the plaintiff must establish the deprivation of a right secured by the Constitution or laws of the United States." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). Here, Plaintiffs assert their own rights, not those of a third party. The harm Plaintiffs suffered arose directly from the malfeasance committed by County Defendants. Plaintiffs endured a deprivation of liberty interests and property interests as a consequence of the actions performed by County Defendants, some of whom were individuals acting under color of state law. Specifically, the false grand jury testimony and the alteration of the document concerning forensic evidence in *People v. Vaughn* caused Plaintiffs' injuries. Plaintiffs request injunctive relief to redress these Plaintiffs' injuries.

## II. The Alleged Misconduct At The Grand Jury Hearing Presents An Actual Case Or Controversy

The Plaintiff's present an actual case or controversy related to prosecutorial misconduct during the grand jury proceedings related to the indictment, trial, and conviction of Christopher Vaughn. Defendants Glasgow and Connor have absolute

immunity only for acts they commit within the scope of their employment as prosecutors. "Often their employment duties go beyond the strictly prosecutorial to include investigation, and when they do nonprosecutorial work they lose their absolute immunity and have only the immunity, called 'qualified,' that other investigators enjoy when engaged in such work." *Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993). "Qualified immunity 'protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)).

Plaintiffs present their causes of action based on misconduct that occurred during the grand jury proceedings that produced Christopher Vaughn's indictment. "A prosecutor may not shield his investigative work with the aegis of absolute immunity merely because, after a suspect is eventually arrested, indicted, and tried, that work may be retrospectively described as 'preparation' for a possible trial; every prosecutor might then shield himself from liability for any constitutional wrong against innocent citizens by ensuring that they go to trial." *Buckley v. Fitzsimmons*, 509 U.S. 259, 275-76, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993).

Plaintiff's adequately assert an actual controversy regarding Lawson's testimony during the grand jury proceedings, as well as misrepresented blood stain evidence during the grand jury proceedings. The test for qualified immunity is "the objective legal reasonableness of an official's acts. Where an official could be expected to know that certain conduct would violate statutory or constitutional rights, he should be made to hesitate; and a person who suffers injury caused by such conduct may have a cause of action." *Harlow v. Fitzgerald*, 457 U.S. 800, 819, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982).

Here, County Defendants violated Plaintiffs' constitutional rights by tampering with documents related to forensic evidence, and Lawson's testimony during the grand jury proceedings. The County Defendants injured Plaintiffs by depriving them of their rights secured by the U.S. Constitution. To state a claim for a civil rights violation under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of that right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan-Moore v. Cty. Of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).)

### III. Plaintiffs Have Standing To Seek The Requested Injunctive Relief Against The County Defendants

Plaintiffs have standing to seek the requested injunctive relief against the County Defendants. Plaintiffs' complaint seeks injunctive relief against County

7

Defendants in their individual and official capacities. "Section 1983 creates a federal remedy against anyone who, under color of state law, deprives any citizen of the United States…of any rights, privileges, or immunities secured by the Constitution and laws." *St. Anthony Hosp. v. Eagleson*, 40 F.4th 492, 502 (7th Cir. 2022) (internal quotations omitted) (quoting *Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dep't of Health*, 699 F.3d 962, 972 (7th Cir. 2012).)

Plaintiffs satisfy the three requirements of the standing doctrine: injury in fact, causation, and redressability. "The plaintiff must allege an injury in fact that is traceable to the defendant's conduct and redressable by a favorable judicial decision." *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019). Plaintiffs were deprived of liberty interests and property interests due to the conduct of County Defendants named in Plaintiffs' complaint. The false grand jury testimony and the alteration of the forensic laboratory report caused Plaintiffs to suffer constitutional deprivations. The County Defendants violated Plaintiffs' constitutional rights by depriving them of their time and income. The injuries suffered by Plaintiffs were the actual and proximate result of actions performed by County Defendants.

**IV. Plaintiffs' 42 U.S.C. § 1983 Claim Is Legally Sufficient Because County Defendants Deprived Them Of Their Rights Secured By The Constitution**

8

To state a claim for a civil rights violation under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of that right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015). "To withstand a motion to dismiss, a plaintiff's complaint need only "outline or sketch a violation of the statute or constitutional provision." *Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir. 1992).

Here, Plaintiffs' suffered a deprivation of their liberty interests and property interests due to the misconduct performed by the County Defendants. First, the County Defendants provided false testimony during grand jury proceedings concerning the murder investigation related to Christopher Vaughn. Second, the County Defendants violated their professional codes of conduct and altered a document concerning a forensic laboratory report by removing Kimberly Vaughn's name from the suspect category. These actions caused Plaintiffs' to suffer a loss of time and income, of which they still suffer, while traveling to visit their incarcerated son.

### V. Plaintiffs Can Seek Injunctive Relief For The Injuries They Have Suffered Due To County Defendants' Actions

"To be granted a claim for injunctive relief, the relief requested must be required in equity and must be calculated to alleviate harm that an individual continues to suffer." *DeFunis v. Odegaard*, 416 U.S. 312, 319 (1974). "A person

9

who has been adversely affected by discrimination has suffered injury-in-fact; the differential treatment is the cause of his injury; and that injury can be redressed either by damages or injunctive relief." *Del Marcelle v. Brown County Corp.*, 680 F.3d 887, 908 (7th Cir. 2012). Plaintiffs are entitled to seek injunctive relief for their injuries because they will continue to be deprived of their liberty interests and property interests until the requested injunctive relief is granted.

It is also inappropriate for County Defendants to ask the Court to dismiss Plaintiffs' request for injunctive relief during the pleading stage. "While the Court may ultimately agree with the defendants that injunctive relief is inappropriate, it is by no means evident that the Court can reach such a determination on a motion to dismiss." *Friends of Frederick Seig Grove 94 v. Sonoma County Water Agency*, 124 F. Supp. 2d 1161 (2000).

### VI. The County Of Will Is Properly Joined As A Defendant

Plaintiffs properly joined the County of Will as a defendant. Seventh Circuit authority and decisions of the Illinois Supreme Court provide "that a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, clerk of court, and so on) in an official capacity." *Carver v. Sheriff of LaSalle County (Carver III)*, 324 F.3d at 948 (7th Cir. 2003) (citing Fed. R. Civ. P. 17, 19). Illinois state law and federal law permit the County of Will to be named a Defendant in the present action.

### VII. Plaintiffs Object To County Defendants' Adoption And Incorporation Of The Arguments In State Defendants' Motion To Dismiss

Plaintiffs object to County Defendants' adoption and incorporation of the arguments in State Defendants' motion to dismiss. County Defendants do not have authority to shield themselves from having to answer Plaintiffs' complaint with two motions to dismiss. Plaintiffs argue that County Defendants cannot use State Defendants' motion to dismiss as a fail safe in the event that this Court exercises jurisdiction over the present action.

### CONCLUSION

**WHEREFORE**, Plaintiffs request that this Court deny County Defendants' Motion to Dismiss in its entirety.

Dated: December 12, 2022

Respectfully Submitted,

/s/ *Keith Altman*
Keith Altman, Esq. (P81702)
The Law Office of Keith Altman
33228 West 12 Mile Road - Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for the Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on December 12, 2022, he caused the foregoing document to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF system, which shall send notification of such filing to all counsel of record.

/s/ *Keith Altman*
Keith Altman, Esq.