# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| PIERRE VAUGHN and GAIL VAUGHN, | ) ) ) | Case No. 1:22-cv-04133 |
| *Plaintiffs,* | ) ) | Hon. Manish S. Shah |
| v. | ) ) ) | Mag. Beth W. Jantz |
| STATE OF ILLINOIS, et al., | ) ) ) | |
| *Defendants.* | ) | |

**PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................2

STANDARD OF REVIEW ..................................................................................4

ARGUMENT .........................................................................................................5

    I.    Plaintiffs Suffered Injuries Due To Defendants' Actions, And This Court Can Redress Those Injuries ...............................................................................5

    II.    II. Plaintiffs Adequately State Claims Upon Which Relief Can Be Granted ..6

    III.    Plaintiffs' Claims Are Not Barred By The Statute Of Limitations, The Eleventh Amendment, Or Absolute And Qualified Immunities ...........................8

CONCLUSION ...................................................................................................10

CERTIFICATE OF SERVICE ...........................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ............................................................... 4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ........................................ 4

*Berger v. NCAA*, 843 F.3d 285 (7th Cir. 2016) .......................................................... 4

*Bohanon v. City of Indianapolis*, 46 F.4th 669, 675 (7th Cir. 2022) ......................... 8

*Buchanan-Moore v. Cty. of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009) ............. 7

*Buckley v. Fitzsimmons*, 509 U.S. 259, 275-76, 113 S. Ct. 2606, 125 L. Ed. 2d 209
   (1993) ...................................................................................................................... 9

*Carmody v. Bd. of Trs. Of Univ. of Ill.*, 893 F.3d 397, 403 (7th Cir. 2018) .............. 9

*Ceko v. Martin*, 735 F. Supp. 1418, 1423 (N.D. Ill. 1990) ........................................ 5

*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 353 (2006) ...................................... 6

*Ex parte Young*, 209 U.S. 123, 159-60 (1908) ........................................................... 9

*Fortres Grand Corp. v. Warner Bros. Entm't Inc.*, 763 F.3d 696, 700 (7th Cir.
   2014) ....................................................................................................................... 8

*Garrett v. Warden*, 2017 U.S. Dist. LEXIS 19552 ..................................................... 5

*Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990) .................................... 4

*Gill v. Whitford*, U.S., 138 S. Ct. 1916, 1934, 201 L. Ed. 2d 313 (2018) ................. 7

*Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) ................................... 5

*Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982) ..................................................................................................................................9

*Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997).........................10

*Kramer v. Vill. Of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)....................7

*Lewis v. Casey*, 518 U.S. 343, 357 (1996)...............................................................7

*McNeese v. Board of Education*, 373 U.S. 668, 671 (1963) ....................................7

*Meyers v. Nicolet Restaurant of De Pere, LLC,* 843 F.3d 724, 726 (7th Cir. 2016).5

*Muir v. Nature's Bounty, Inc.*, 2017 U.S. Dist. LEXIS 159679 ................................5

*Nunez v. Ind. Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016) ...............9

*Patsy v. Board of Regents of State of Fla.*, 457 U.S. 496, 500 (1982) .....................7

*Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009)9

*Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 636 (2002)...........10

*W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016)..............4

**Statutes**

42 U.S.C. § 1983 .......................................................................................................7

**Rules**

Fed. R. Civ. P. 17(a)(1)..............................................................................................6

Plaintiffs Pierre Vaughn and Gail Vaughn, through their attorney the Law Office of Keith Altman, respond to State Defendants' motion to dismiss Plaintiffs' complaint.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A motion to dismiss is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). A court may grant a motion to dismiss under Rule 12(b)(6) only if, after accepting all well-pled allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the complaint still "fails to state a claim upon which relief can be granted." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must state a claim "that is plausible on its face" after conclusory allegations are disregarded. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016). On a motion to dismiss for lack of standing, a plaintiff must plead allegations sufficient to "plausibly suggest" that she has standing. *Berger v. NCAA*, 843 F.3d 285 (7th Cir. 2016).

# ARGUMENT

I. **Plaintiffs Suffered Injuries Due To Defendants' Actions, And This Court Can Redress Those Injuries**

Plaintiffs suffered deprivations of their constitutional rights due to Defendants' actions, and these deprivations can be redressed by this court. "A court must evaluate independently the substance of the claim being brought, to see if [the] correct statute is being invoked." *Garrett v. Warden*, 2017 U.S. Dist. LEXIS 19552 (quoting *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002). Plaintiffs assert that they are being deprived of liberty interests and property interests protected by the Fourteenth Amendment. "The basic characteristic of a property interest is the continued flow of benefits, which may not be interrupted without an opportunity to be heard." *Ceko v. Martin*, 735 F. Supp. 1418, 1423 (N.D. Ill. 1990).

States' Defendants challenge Plaintiff's complaint and assert that Plaintiffs lack standing before this Court. "The court must ensure that it has a justiciable case or controversy before it, and standing is usually a threshold question antecedent to any merits determination in the case." *Muir v. Nature's Bounty, Inc.*, 2017 U.S. Dist. LEXIS 159679. *See Meyers v. Nicolet Restaurant of De Pere, LLC,* 843 F.3d 724, 726 (7th Cir. 2016).

Plaintiffs have standing to bring their cause of action because they were injured by the State Defendants' conduct, and those injuries can be redressed by this Court through its power to grant injunctive relief.

Even if the court finds that Plaintiffs do not have standing, the court may look to Fed. R. Civ. P. 17(a)(1). "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(1). The court may not dismiss the present action until the real party in interest is given an opportunity to ratify, join, or be substituted into the present action. "After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." *Id.*

The Defendants deprived Plaintiffs of their economic and liberty interests by convicting and sentencing Christopher Vaughn based on a mislabeled forensic laboratory report. Plaintiffs are entitled to relief, and this court may redress the injuries suffered by Plaintiffs.

## II.  II. Plaintiffs Adequately State Claims Upon Which Relief Can Be Granted

Plaintiffs seek the proper remedies for the injuries caused by State Defendants. The claims asserted by Plaintiffs against State Defendants' are claims upon which relief may be granted. "The remedy must of course be limited to the inadequacy that produced the injury in fact that the plaintiff has established." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 353 (2006) (quoting *Lewis v. Casey*,

6

518 U.S. 343, 357 (1996)). Here, Plaintiffs seek relief that is "tailored to redress the plaintiff's particular injury." *Gill v. Whitford*, U.S., 138 S. Ct. 1916, 1934, 201 L. Ed. 2d 313 (2018).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or laws of the United States; and the person who deprived him of that right was acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. Of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)). Plaintiffs adequately pled their causes of action in their complaint. Plaintiffs do not request that this honorable Court interfere with Illinois state courts.

State Defendants misconstrue Plaintiffs' complaint by arguing that Christopher Vaughn is seeking a writ of mandamus through Plaintiffs' complaint, and Christopher Vaughn must exhaust all administrative remedies. The Supreme Court has held otherwise: "When federal claims are premised on § 1983—as they are here—we have not required exhaustion of state judicial or administrative remedies, recognizing the paramount role Congress has assigned to the federal courts to protect constitutional rights." *Patsy v. Board of Regents of State of Fla.*, 457 U.S. 496, 500 (1982). Exhaustion of administrative remedies is not a prerequisite to an action under § 1983. *McNeese v. Board of Education*, 373 U.S. 668, 671 (1963). Plaintiffs' complaint is not contingent upon Christopher Vaughn's administrative

7

remedies. Rather, the present action is brought by Pierre Vaughn and Gail Vaughn, not Christopher Vaughn.

The question at the pleading stage is whether the complaint includes factual allegations that state a plausible claim for relief. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.*, 763 F.3d 696, 700 (7th Cir. 2014). The court should allow the present action to proceed so both parties may establish an evidentiary record. "Section 1983 provides a federal remedy against state actors who deprive others of federal rights." *Bohanon v. City of Indianapolis*, 46 F.4th 669, 675 (7th Cir. 2022). Plaintiffs' complaint asserts plausible claims that should be permitted to proceed in litigation before this Court.

### III.   Plaintiffs' Claims Are Not Barred By The Statute Of Limitations, The Eleventh Amendment, Or Absolute And Qualified Immunities

Plaintiffs' claims are not barred by the statute of limitations, the eleventh amendment, or absolute and qualified immunities. State's Attorney's James W. Glasgow and John R. Connor are the prosecutors named as Defendants in the present action. The Seventh Circuit has addressed absolute immunity and qualified immunity regarding the actions of prosecutors. "Often their employment duties go beyond the strictly prosecutorial to include investigation, and when they do non prosecutorial work they lose their absolute immunity and have only the immunity, called 'qualified,' that other investigators enjoy when engaged in such work."

8

*Buckley v. Fitzsimmons*, 509 U.S. 259, 275-76, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993). Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)).

The prosecutors named as Defendants in the present action violated the Plaintiffs' constitutional rights by tampering with documents regarding forensic evidence related to Christopher Vaughn's murder conviction. The grand jury testimony misled the grand jurors, and the prosecutors named as defendants were aware of the constitutional violations they committed and how they could foreseeably harm Plaintiffs.

State Defendants argue that Plaintiffs' claims are barred by the Eleventh Amendment. The Eleventh Amendment "bars most claims in federal court against a state that does not consent to suit." *Carmody v. Bd. of Trs. Of Univ. of Ill.*, 893 F.3d 397, 403 (7th Cir. 2018). Three exceptions to Eleventh Amendment immunity exist: suits against state officials seeking only prospective equitable relief; the state's waiver of immunity and consent to suit; and congressional abrogation. *Nunez v. Ind. Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016) (citing *Ex parte Young*, 209 U.S. 123, 159-60 (1908)).

Here, Plaintiffs' complaint against state officials seeks prospective equitable relief. *Id*. "In determining whether the *Ex parte Young* doctrine avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry' into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 636 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)). Plaintiffs' do not request retrospective relief, but prospective injunctive relief against Defendants in their individual and official capacities.

Defendant Krajnik's removal of Kimberly Vaughn as a suspect on the second Laboratory Report had a substantial effect on Christopher Vaughn's conviction. The actions taken by State Defendants deprived Christopher Vaughn of his right to an impartial jury. Defendant Krajnik is not entitled to qualified immunity. "Where an official could be expected to know that certain conduct would violate statutory or constitutional rights, he should be made to hesitate; and a person who suffers injury caused by such conduct may have a cause of action." *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

## **CONCLUSION**

**WHEREFORE**, Plaintiffs request that this Court deny State Defendants' Motion to Dismiss in its entirety.

10

Dated: December 12, 2022

                                              Respectfully Submitted,

                                              /s/ *Keith Altman*
                                              Keith Altman, Esq. (P81702)
                                              The Law Office of Keith Altman
                                              33228 West 12 Mile Road - Suite 375
                                              Farmington Hills, Michigan 48331
                                              Telephone: (248) 987-8929
                                              keithaltman@kaltmanlaw.com
                                              *Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on December 12, 2022, he caused the foregoing document to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF system, which shall send notification of such filing to all counsel of record.

/s/ *Keith Altman*
Keith Altman, Esq.
