IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PIERRE VAUGHN and GAIL VAUGHN, ) | |
| ) | Case No. 22-cv-4133 |
| Plaintiffs, ) | |
| ) | Judge Manish S. Shah |
| v. ) | Magistrate Judge Beth W. Jantz |
| ) | |
| STATE OF ILLINOIS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### STATE DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants, State of Illinois, Illinois State Police Master Sergeant Gary Lawson, and Illinois State Police Forensic Scientist Kelly J. Krajnik, ("State Defendants") by their attorney, Kwame Raoul, Attorney General of Illinois, hereby state as follows in support of their motion to dismiss:

### INTRODUCTION

Plaintiffs' response to State Defendants' Motion to Dismiss is deficient. Plaintiffs fail to respond at all to some of Defendants arguments, and fail to respond to other arguments beyond mere unsupported conclusions. First, Plaintiffs fail to respond to State Defendants' statute of limitations and absolute immunity arguments, and thus forfeit argument on those issues. Second, Plaintiffs fail to meaningfully address State Defendants' arguments that Plaintiffs lack standing, that Plaintiffs have failed to state a claim, and that Defendant Krajnik is entitled to qualified immunity. Finally, the *Ex Parte Young* exception to Eleventh Amendment immunity is not applicable, and the State of Illinois cannot be sued under Section 1983 regardless of the relief sought. For all of these reasons and as set forth in more detail below and in State Defendants'

memorandum in support of their Motion to Dismiss, Plaintiffs' claims against State Defendants should be dismissed.

## ARGUMENT

**I.     By failing to respond to the statute of limitations and absolute immunity arguments raised in Defendants' motion to dismiss, Plaintiff has forfeited argument on those issues.**

"When presented with a motion to dismiss, the nonmoving party must proffer some legal basis to support his cause of action." *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995). Here, Plaintiffs have not responded to the statute of limitations or immunities arguments raised in State Defendants' Motion to Dismiss. ECF No. 17 at 11-15. Their failure to respond forfeits their right to respond to those issues. See *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1043 (7th Cir. 1999) ("[b]y failing to respond responsively to the motion to dismiss" plaintiff forfeited her right to continue litigating her claim).

**A.     Plaintiffs failed to address the statute of limitations.**

Plaintiffs fail to respond to Defendants' argument regarding the statute of limitations beyond stating merely that "Plaintiffs' claims are not barred by the statute of limitations […]." ECF No. 19 at 8. Undeveloped and/or unsupported arguments are deemed waived. "The law is clear that cursory and inchoate arguments are considered waived." *Brewster v. Northeast Illinois Regional Commuter R.R. Corp.*, No. 16-cv-10904, 2018 U.S. Dist. LEXIS 29004, at *8 (N.D. Ill. Feb. 23, 2018), citing *United States v. Alden*, 527 F.3d 653, 664 (7th Cir. 2008). The two-year statute of limitations applicable to § 1983 claims began running when Christopher Vaughn was convicted in July 2012, or at the very latest, when the state appellate decision confirming his conviction was rendered on September 15, 2015. *See generally* State Defendants Memorandum in Support of Their Motion to Dismiss, ECF No. 17 at 11. By any measure, the two-year statute of

limitations related to evidence used in Christopher Vaughn's prosecution and trial is long past. Plaintiffs have forfeited their response to this argument, and this Court should grant State Defendants' Motion to Dismiss on this basis alone.

### B. Plaintiffs failed to address Defendant Lawson's and Defendant Krajnik's absolute immunity from suit.

Plaintiffs also fail to respond to State Defendant's arguments that suit against Defendant Lawson is barred by absolute testimonial immunity and that suit against Defendant Krajnik is barred by absolute immunity, and have therefore waived argument on those issues as well. *Brewster*, 2018 U.S. Dist. LEXIS 29004, at *8. Defendant Lawson is sued for his grand jury testimony in Christopher Vaughn's murder prosecution. ECF No. 1 at ¶¶30-32. Defendant Lawson is absolutely immune from claims related to his testimony before the grand jury. *Rehberg v. Paulk*, 566 U.S. 356, 367-368 (2012), citing *Briscoe v. Lahue*, 460 U.S. 325 (1983) (absolute immunity applies to both trial testimony and grand jury testimony, and to law enforcement as well as lay witnesses). Defendant Krajnik is sued relative to her employment as a forensic scientist with the Illinois State Police, specifically how she labeled two reports. Defendant Krajnik is entitled to absolute immunity for actions performed in the scope of her employment as a forensic scientist with the Illinois State Police. *See*, e.g. *Newton v. City of New York*, 738 F. Supp. 2d 397, 406-409 (S.D.N.Y 2010) (granting absolute immunity for government forensic scientist who conducted DNA testing). Plaintiffs fail to address these absolute immunity arguments in their response brief, instead addressing immunity arguments of two different defendants (Glasgow and Connor). Plaintiffs forfeit arguments against Defendant Lawson and Defendant Krajnik's respective absolute immunities from suit, and the claims against them should be dismissed.

**II.       Plaintiffs' response is otherwise deficient.**

**A.       Plaintiffs have not offered anything more than conclusions and reference to an irrelevant federal rule in response to State Defendants' argument that they lack standing.**

In response to State Defendants' argument that Plaintiffs lack Article III standing, Plaintiffs assert that "Plaintiffs have standing to bring their cause of action because they were injured by the State Defendants' conduct, and those injuries can be redressed by this Court through its power to grant injunctive relief." ECF No. 19 at 5. Plaintiffs further claim in conclusory fashion that "[t]he Defendants deprived Plaintiffs of their economic and liberty interests by convicting and sentencing Christopher Vaughn based on a mislabeled forensic laboratory report. Plaintiffs are entitled to relief, and this court may redress the injuries suffered by Plaintiffs." ECF No. 19 at 6. Plaintiffs offer no further explanation, analysis, or legal support for these conclusions. "District Courts are not required to engage in the alchemy of inventing legal arguments for litigants when their briefs only offer factual conclusions and no legal authority." *Brewster,* 2018 U.S. Dist. LEXIS 29004, at *8. Plaintiffs lack standing to bring suit on behalf of their son Christopher because they do not have a protected interest in Christopher's prosecution, nor do they do not have a constitutionally-protected right to visit Christopher in prison, *see generally* State Defendants Memorandum in Support of Their Motion to Dismiss, ECF No. 17 at 3-6, and have waived any argument to the contrary by offering only unsupported and undeveloped conclusions. "The law is clear that cursory and inchoate arguments are considered waived." *Id.*, citing *United States v. Alden*, 527 F.3d 653, 664 (7th Cir. 2008). This Court should grant State Defendants' Motion to Dismiss for lack of Article III standing.

3

Plaintiffs argue in the alternative that even if they lack standing, that this Court should not dismiss their complaint, citing Federal Rule of Civil Procedure 17(a)(1). ECF No. 19 at 6. Plaintiffs claim that "the court may not dismiss the present action until the real party in interest is given an opportunity to ratify, join, or be substituted into the present action." *Id.* Plaintiffs' reliance on Rule 17 is unavailing, because only a party with Article III standing can benefit from Rule 17. *See Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 756-57 (7th Cir. 2008) (discussing Rule 17 non-jurisdictional "prudential standing" only after finding that Article III standing has been established); *Frank v. Hadesman & Frank*, 83 F.3d 158, 159 (7th Cir. 1996). Plaintiffs assert affirmatively that the "the present action is brought by Pierre Vaughn and Gail Vaughn, not Christopher Vaughn." As discussed above, Plaintiffs Pierre Vaughn and Gail Vaughn lack standing, and therefore no inquiry into Rule 17 is necessary. Further, Rule 17(a)(1) provides that suit may be brought on behalf of the real party in interest, but only provides for seven categories of persons who may bring suit: (A) an executor; (B) an administrator; (C) a guardian; (D) a bailee; (E) a trustee of an express trust; (F) a party with whom or in whose name a contract has been made for another's benefit; and (G) a party authorized by statute. Fed. R. Civ. P. 17(a)(1). Plaintiffs, as the parents of a person convicted of murder challenging aspects of the state court murder prosecution, do not ostensibly fit into any of these categories, nor do Plaintiffs argue that they fit into any of these enumerated categories of persons who can bring suit on behalf of the real party in interest. Therefore, Rule 17 does not overcome Plaintiffs' lack of standing.

### B. Plaintiffs have not stated a claim.

Similarly, Plaintiffs do not adequately respond to State Defendants' arguments that they failed to state a claim beyond merely stating that "Plaintiffs complaint asserts plausible claims that should be permitted to proceed in litigation before this Court." ECF No. 19 at 8. First, Plaintiffs

4

do not respond to State Defendants' argument that the relief they seek is merely symbolic and would not redress their alleged injuries. The liberty and property interests that Plaintiffs claim are violated when they travel six hours to visit their son in prison remain unchanged even if this Court were able to grant the relief Plaintiffs seek. By not responding to it, Plaintiffs have forfeited this argument.

Plaintiffs claim that "they do not request that this honorable Court interfere with Illinois state courts" (*id.*), and that Defendants misconstrue Plaintiffs' complaint, but they have not otherwise identified how the relief they seek ("correction" of forensic reports used in Christopher Vaughn's state court prosecution, ECF No. 1 at ¶57) can be accomplished when those reports were part of a state court prosecution. This unsupported claim fails to address the heart of State Defendants' argument, which is that a federal court does not have jurisdiction to "correct" state court records. ECF No. 17 at 7-10.

## C. The *Ex Parte Young* Exception to the Eleventh Amendment Immunity Does Not Apply.

The Eleventh Amendment precludes Plaintiffs' claim against the State. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as a defendant is proscribed by the Eleventh Amendment."); *Kroll v. Board of Trustees of University of Illinois*, 934 F.2d 904, 906-907 (7th Cir. 1991). Plaintiffs claim that the *Ex Parte Young* exception to Eleventh Amendment immunity applies because Plaintiffs seek "prospective injunctive relief." ECF No. 19 at 10. But this is incorrect, as claims against the State itself are barred by the Eleventh Amendment "regardless of the nature of the relief sought." *See Pennhurst*, 465 U.S. at 100; *MSA Realty Corp. v. Ill.*, 990 F.2d 288, 291 (7th Cir. 1993). In addition, the *Ex*

5

*Parte Young* exception does not apply because Plaintiffs have not alleged an ongoing violation of federal law. *Kreilein v. Horth,* 854 F. App'x 733, 735 (7th Cir. 2021).

### D. Plaintiffs' response to Defendant Krajnik's qualified immunity argument is undeveloped.

Plaintiffs' only response to Defendant Krajnik's qualified immunity argument is that "Defendant Krajnik's removal of Kimberly Vaughn as a suspect on the second Laboratory Report had a substantial effect on Christopher Vaughn's conviction. The actions taken by State Defendants deprived Christopher Vaughn of his right to an impartial jury." Aside from not being able to assert the rights of their son Christopher as discussed in the State Defendants arguments regarding standing, Plaintiffs fail to establish that any of Krajnik's actions had any effect whatsoever on Christopher Vaughn's conviction or Plaintiffs' purported rights. See ECF No. 17 at 15. Defendant Krajnik is entitled to qualified immunity because her conduct did not violate a clearly established statutory or constitutional right.

### E. Plaintiffs Cannot Bring a Section 1983 Suit Against the State of Illinois.

Finally, Plaintiffs bring a claim for relief under 42 U.S.C. § 1983 and seek injunctive relief against the State. *See generally* ECF No. 1, and Prayer for Relief. Section 1983 authorizes suit only against a "person" who acts under color of state law and deprives another person of his or her rights. *See* 42 U.S.C. § 1983. But the State is not a "person" subject to suit under Section 1983. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 49 n.24 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Because Plaintiffs seek injunctive relief against the State of Illinois, their claim against the State should be dismissed with prejudice. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

## CONCLUSION

For these reasons and the arguments in their memorandum in support of their Motion to Dismiss, Defendants State of Illinois, Gary Lawson, and Kelly J. Krajnik respectfully request that this Honorable Court grant their motion to dismiss all claims against them in Plaintiffs' Complaint.

Respectfully submitted,

KWAME RAOUL  By:  /s/ *Marci L. Sahinoglu*
Attorney General of Illinois    Assistant Attorney General
                                General Law Bureau
                                100 West Randolph Street, 13th Floor
                                Chicago, Illinois 60601
                                (312) 814-3131
                                Marci.sahinoglu@ilag.gov

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a copy of the foregoing STATE DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS was served on all parties at the electronic addresses provided through the Court's electronic monitoring CM/ECF system and via e-mail on January 11, 2023.

*/s/ Marci L. Sahinoglu*
MARCI L. SAHINOGLU