IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PIERRE VAUGHN and GAIL VAUGHN, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 22-cv-4133 ) ) Judge Manish Shah |
| STATE OF ILLINOIS, COUNTY OF WILL, JAMES W. GLASGOW, JOHN R. CONNOR, KELLY J. KRAJNIK and GARY LAWSON, | ) ) ) ) |
| Defendants. | ) |

**THE COUNTY DEFENDANTS' REPLY
IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants County of Will, James Glasgow and John Connor (the "County Defendants"), by their undersigned attorneys, submit the following reply in support of their motion to dismiss:

**I.      Plaintiffs lack standing because their due process claim is based on another person's criminal proceedings.**

Plaintiffs lack standing because their response confirms their claim is based on the manner in which their son, Christopher, was investigated and prosecuted. Specifically, Plaintiffs concede that their alleged injuries are caused by the grand jury hearing which led to Christopher's indictment, and by the alteration of a forensic lab report from the investigation. (Dkt. 18, p. 5). Despite this concession, Plaintiffs contend they have standing because they have been affected by Christopher's incarceration following his criminal conviction.

Plaintiffs' argument directly contravenes existing precedent, which holds that lawful imprisonment does not deprive relative's rights to associate with the imprisoned criminal. *See Mayo v. Lane*, 867 F.2d 374, 375 (7th Cir. 1989). Plaintiffs point to their allegation that Christopher's conviction was unlawful, but that allegation only serves to highlight their lack of standing because the lawfulness of the criminal proceedings against Christopher is the legal right

and interest of Christopher, not Plaintiffs. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (holding that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 17-18 (2004) (litigants cannot sue in federal court to enforce the rights of third parties), *abrogated on other grounds by Lexmark Intern, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127-28 (2014).

Plaintiffs fail to cite a single case in which a relative was permitted to challenge whether criminal proceedings against a family member were fair. Nor do they offer any reason why existing precedent should be changed. Accordingly, Plaintiffs fail to show that they have standing to claim that Christopher's conviction violates their right to due process, and this action should be dismissed for lack of subject matter jurisdiction.

## II. Plaintiffs lack standing because the alleged misconduct at the grand jury hearing does not present an actual controversy.

Plaintiffs acknowledge that to have standing, their claim must present an actual controversy. (Dkt. 18, pp. 5-7). They argue that an actual controversy exists because neither State's Attorney Glasgow nor ASA Connor has prosecutorial immunity concerning the grand jury hearing which led to the criminal indictment against Christopher. (*Id.*). This argument is not only legally and factually incorrect, but also totally ignores the core question of whether Christopher's subsequent conviction makes it impossible to redress the alleged error that occurred when the case was presented to the grand jury.

It is unclear why Plaintiffs argue about prosecutorial immunity since that defense was not raised in the motion to dismiss. In any event, it is well settled that presenting evidence to the grand jury is conduct that falls squarely within the scope of prosecutorial immunity. *See Malley v. Briggs*, 475 U.S. 335, 342-43 (1986) (recognizing that seeking indictment from a grand jury is

a prosecutor's first step in seeking a conviction and therefore undeniably part of the judicial process and entitled to absolute immunity); *Redwood v. Dobson*, 476 F.3d 462, 466 (7th Cir. 2007) (same). Thus, like the plaintiff in *Redwood*, it is frivolous for Plaintiffs here to argue that the alleged grand jury presentation is investigative, rather than prosecutorial, in nature. *See Redwood*, 476 F.3d at 466.

Aside from being legally incorrect, Plaintiffs' argument is factually incorrect because neither Glasgow nor Connor presented any evidence to the grand jury. In their motion to dismiss, the County Defendants attached the transcript cover page which identifies the prosecutors who were present at the grand jury hearing.[1] (Dkt. 15, p. 3, and Dkt. 15-2). The transcript cover page shows that neither Glasgow nor Connor was at the grand jury hearing. Plaintiffs do not dispute this fact, and therefore concede that neither Glasgow nor Connor presented any evidence to the grand jury. As a result, the issue of prosecutorial immunity is inapplicable.

Most importantly, Plaintiffs make no attempt to address the argument that they lack standing because the alleged unfairness of Christopher's grand jury hearing is not redressable given his subsequent criminal conviction after a full trial. Plaintiffs do not try to distinguish the case law cited in the County Defendants' motion, nor do they offer any reason why that precedent should be changed. Because that precedent holds that Christopher's conviction makes it impossible to redress the alleged misconduct at the grand jury hearing, Plaintiffs fail to establish that they have standing, and this action should be dismissed for lack of subject matter jurisdiction.

---

[1] When deciding a Rule 12(b)(1) motion, a district court considers not only the allegations of the complaint, but also any evidence submitted to determine whether in fact subject matter jurisdiction exists. *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017).

**III.     Plaintiffs lack standing because their response confirms none of the County Defendants is able to change the contents of the lab reports.**

Plaintiffs make no attempt to explain how any of the County Defendants is able to change the contents of the two state police lab reports. (*See* Dkt. 18, pp. 7-8). This failure confirms that Plaintiffs lack standing to seek an injunction against the County Defendants. *See Swan v. Bd. of Education of City of Chicago*, 956 F.Supp.2d 913, 918 (N.D.Ill. 2013) (explaining that defendants who lack authority to carry out the requested injunctive relief must be dismissed because a court cannot enjoin a defendant to act in a way that is beyond the defendant's authority in the first place). Plaintiffs do not dispute that none of the County Defendants authored the lab reports, nor do they suggest that any of the County Defendants ever possessed the originals of those reports. Thus, the County Defendants should be dismissed because, even if this Court were to grant the requested injunctive relief, the County Defendants lack the power and ability to carry out such relief.

Instead of offering any reason why the County Defendants could be expected to provide the requested relief, Plaintiffs argue that the County Defendants are proper parties because the alleged injury is traceable to their conduct. (Dkt. 18, p. 8). This argument not only disregards the holding in the *Swan*, but is factually incorrect.

As stated above, it is undisputed that neither State's Attorney Glasgow nor ASA Connor authored either of the lab reports. It is also undisputed that neither Glasgow nor Connor was involved in the decision to remove Kimberly Vaughn's name from the suspect field in the final lab report. When Christopher's defense team was preparing for the criminal trial, they interviewed the author of the lab report, Kelly Krajnik, who explained that she removed Kimberly from the suspect field after the detectives decided that she was no longer a suspect. (Dkt. 15-3, p. 2). Pursuant to that development, Krajnik called ASA Connor to check whether

Kimberly's DNA standard could be removed from the CODIS database, and Connor told Krajnik that the DNA specimen could be removed from that database. (Dkt. 15-3, pp. 1-2; Dkt. 15-4). Accordingly, it is clear that removing Kimberly's name from the suspect field in the final lab report is not attributable to Glasgow or Connor, and any allegation to the contrary is not well-pleaded. Thus, even assuming for purposes of the motion that Plaintiffs were injured by the removal of Kimberly's name from the suspect field in the final lab report, their injury is not traceable to the conduct of the County Defendants.

Finally, Plaintiffs cite *Casillas v. Madison Ave. Associates, Inc.*, 926 F.3d 329 (7th Cir. 2019), but that case is no help to them. (Dkt. 18, p. 8). In *Casillas*, the Court ruled that the plaintiff lacked standing because a statutory violation without resulting concrete harm is insufficient to satisfy the injury-in-fact requirement for standing. 926 F.3d at 332. In reaching that decision, the Court did not even purport to address the redressability requirement. *Id.*, at 333 (expressly noting that the appeal involved only the injury-in-fact requirement). Thus, Plaintiffs' reliance on *Casillas* is pointless.

Plaintiffs' failure to explain how the County Defendants could be expected to provide the requested injunctive relief confirms they cannot satisfy the redressability requirement. Therefore, each of the County Defendants should be dismissed for lack of subject matter jurisdiction.

**IV.     Plaintiffs' response confirms their due process claim is legally insufficient.**

Plaintiffs make a cursory attempt to argue that their claim is legally sufficient, but that effort simply repeats the conclusory allegations set forth in the Complaint. (Dkt. 18, p. 9). They also cite two cases, both of which are unavailing. Nothing in the response addresses the pleading flaw raised in the motion to dismiss, namely that Plaintiffs do not have a constitutionally protected interest in visiting Christopher and therefore cannot state a due process claim.

Plaintiffs cite *D.S. v. East Porter County School Corp.*, 799 F.3d 793 (7th Cir. 2015), and *Brownlee v. Conine*, 957 F.2d 353 (7th Cir. 1992), but nothing in those cases even remotely suggests that it is unnecessary for a plaintiff to allege facts which plausibly indicate the existence of a protected interest. Indeed, the only due process issue in *D.S.* was whether the plaintiff had enough evidence of a state-created danger to survive summary judgment. *D.S.*, 799 F.3d at 798-99. In *Brownlee*, the issue was whether the pro se prisoner's allegations were sufficient to state a due process claim about his living conditions. 957 F.2d at 354-55. While the *Brownlee* Court found that certain allegations were sufficient to state a claim, the Court never considered, let alone discussed, whether the prisoner had a protected interest in his living conditions. *See id.*

Remarkably, Plaintiffs make no attempt to address the two cases cited in the County Defendants' motion: *Mayo v. Lane* and *Froelich v. State Dep't of Corrections*. In both of those cases, the Seventh Circuit specifically held that relatives of an incarcerated person do not have a constitutionally protected interest in visiting the incarcerated family member. *Mayo v. Lane*, 867 F.2d 374, 375 (7th Cir. 1989); *Froelich v. State Dept. of Corrections*, 196 F.3d 800, 802 (7th Cir. 1999). The *Mayo* Court further explained that the lack of a protected interest meant the relative did not have standing to bring a due process claim concerning those visits. *Mayo*, at 376. Given the explicitness of the language in *Mayo*, Plaintiffs' failure to even acknowledge that case in their response is especially glaring because this Court expressly directed the parties to address the standing issue. (*See* Dkt. 14).

Because the Seventh Circuit has squarely concluded that relatives like Plaintiffs here do not have a constitutionally protected interest in visiting their incarcerated family member, Plaintiffs cannot satisfy the threshold requirement of identifying a constitutionally protected interest. As a result, their due process claim is not actionable and should be dismissed.

V. **Plaintiffs' claim for injunctive relief is improper because they have not suffered irreparable harm.**

Plaintiffs concede that their sole alleged harm is the travel time and expense that they incur when visiting Christopher at his place of incarceration. (Dkt. 18, pp. 9-10). Despite that concession, Plaintiffs argue that their claim is permissible because *Del Marcelle v. Brown County Corp.* holds that once an injury-in-fact is pleaded, the injury can be redressed by either damages or by injunctive relief. (*Id.*, p. 10). This argument misstates the law.

As an initial matter, the cited language is not a Seventh Circuit holding because the language is from the dissenting opinion. *See* 680 F.3d 887, 908 (7th Cir. 2012). Moreover, the cited language simply recognizes the principle that a plaintiff who pleads an injury-in-fact has standing, and that standing exists regardless of whether the proper remedy is damages or injunctive relief. *See id*. Nothing in the dissenting opinion suggests that injunctive relief is proper when an adequate remedy at law exists. *See id.*, at 906-18. Accordingly, the present claim is not actionable unless Plaintiffs demonstrate that no legal remedy, such as monetary damages, is adequate to compensate for the claimed injury. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Plaintiffs contend that money damages are inadequate here "because they will continue to be deprived of their liberty interests and property interests until the requested injunctive relief is granted." (Dkt. 18, p. 10). For injunctive relief to be granted, however, Plaintiffs will have to prove liability. Even assuming they can do so, Plaintiffs fail to explain why any additional travel time and expense incurred while this action is pending cannot be measured at that point and compensated through damages. Thus, Plaintiffs fail to demonstrate that they lack an adequate legal remedy, and therefore their claim for injunction relief is not actionable.

**VI.     The County of Will is misjoined as a defendant.**

Plaintiffs cite *Carver v. Sheriff of LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003), to argue that the County of Will is a proper defendant. (Dkt. 18, p. 10). This argument is puzzling because the language that Plaintiffs quote from *Carver* explicitly indicates that the rule about joining counties applies to damages suits, whereas the sole claim in the present case is for injunctive relief. Because no damages are sought in this action, there is nothing for the County to indemnify, and the County should be dismissed.

WHEREFORE, for the foregoing reasons and those set forth in the motion to dismiss, the County Defendants respectfully request that this Court grant their motion and dismiss them from this lawsuit with prejudice, and grant them such further and additional relief as this Court deems just and proper.

        Respectfully submitted,

        COUNTY OF WILL, JAMES W. GLASGOW
        and JOHN R. CONNOR

        s/ Martin W. McManaman
        One of their attorneys

Martin W. McManaman
L&G Law Group LLP
175 West Jackson Blvd.
Suite 950
Chicago, IL 60604
(312) 364-2500
mmcmanaman@lgcounsel.com