UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PIERRE VAUGHN and GAIL VAUGHN, | |
| Plaintiffs, | |
| v. | No. 22 CV 4133 |
| STATE OF ILLINOIS, COUNTY OF WILL, JAMES GLASGOW, JOHN CONNOR, KELLY KRAJNIK, and GARY LAWSON, | Judge Manish S. Shah |
| Defendants. | |

## ORDER

Defendants' motions to dismiss, [15] and [16], are granted and plaintiffs' complaint is dismissed without prejudice. Enter judgment and terminate civil case for lack of jurisdiction.

## STATEMENT

Plaintiffs Pierre and Gail Vaughn are the parents of a man, Christopher Vaughn, who was convicted of and is now incarcerated for the murders of his wife, Kimberly, and their children. [1] ¶¶ 15, 63, 65.* They bring a § 1983 claim alleging that their constitutionally protected interests in their time, finances, and freedom of travel were deprived without due process when their son did not have a "fair and impartial hearing" in his criminal trial. [1] ¶¶ 54–57. They now have to travel to Pinckneyville Correctional Center to see their son. [1] ¶ 65. The Vaughns identify two issues with the criminal process that resulted in their son's imprisonment (and the alleged deprivation of their property and liberty interests). First, they allege that the Illinois State Police's Forensic Science Laboratory created a report labelled as "draft" that listed both Christopher and Kimberly as suspects and then created a second laboratory report that only listed Christopher as a suspect and was not labelled "draft"; both reports show the same results. [1] ¶¶ 25, 27–29, 33–36, 49, 51. Second, the Vaughns allege that Illinois State Police officer Gary Lawson falsely testified before the grand jury. [1] ¶¶ 31. The Vaughns allege that they had a right to their son having a "fair and impartial hearing regarding the actions in accordance with the

---

* Bracketed numbers refer to entries on the district court docket and page numbers refer to the CM/ECF header placed at the top of filings.

professional rules of ethics and conduct." [1] ¶ 57. Furthermore, the Vaughns allege that they had a right to "valid and verified DNA results to be brought before the Grand Jury" and "sworn testimony to be a truthful representation of the findings." [1] ¶¶ 58–59. All defendants—the State of Illinois, Will County, Will County State's Attorney James Glasgow, Assistant State's Attorney John Connor, State Police Forensic Scientist Kelly Krajnik, and State Police Sergeant Gary Lawson—bring motions to dismiss under Rule 12(b)(1) for lack of standing and Rule 12(b)(6) for failure to state a claim.

Plaintiffs in federal court must have Article III standing, which means they must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Flynn v. FCA US LLC*, 39 F.4th 946, 952 (7th Cir. 2022) (citing *Spokeo, Inc. v. Robins,* 578 U.S. 330, 338 (2016)). Plaintiffs bear the burden of establishing they have standing. *Flynn*, 39 F.4th at 952. When considering a facial challenge to standing, the court takes all well-pled allegations in the complaint as true and makes all reasonable inferences in favor of the complaining party. *See Silha v. ACT, Inc.*, 807 F.3d 169, 173–74 (7th Cir. 2015).

"An injury in fact is an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Casillas v. Madison Ave. Assocs.*, 926 F.3d 329, 333 (7th Cir. 2019) (citing *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560 (1992)). Plaintiffs allege that they are harmed by the time and income lost when they have to travel six hours one-way to see their son in prison. [1] ¶ 65. This is a tangible harm that is particular to plaintiffs, and which currently affects them.

But that harm—the fact that their son is imprisoned and is in a location six hours away—is not "fairly traceable" to the defendants' alleged wrongdoing. The Vaughns allege that Lawson committed perjury when he told the grand jury that the blood on the passenger seatbelt was Kimberly's blood. [1] ¶ 31. Even if the Vaughns could prove that Lawson committed perjury, that wrongdoing is not a cause of their harm (Christopher's imprisonment) because a petit jury found Christopher guilty beyond a reasonable doubt. *See United States v. Mechanik*, 475 U.S. 66, 70 (1986) ("[T]he petit jury's subsequent guilty verdict means not only that there was probable cause to believe that the defendants were guilty as charged, but also that they are in fact guilty as charged beyond a reasonable doubt."). *Mechanik* applies "to rules that are designed to prevent the indictment of innocent persons." *United States v. Vincent*, 416 F.3d 593, 602 (7th Cir. 2005) (quoting *United States v. Fountain,* 840 F.2d 509, 515 (7th Cir. 1988)). "The rule against perjured testimony at grand jury proceedings qualifies as this type of rule." *Id.* (citing *United States v. Morgan,* 384 F.3d 439, 443 (7th Cir. 2004)). A jury's finding that Christopher is guilty beyond a reasonable doubt stands in between the alleged perjury to the grand jury and the Vaughns' harms resulting from their son's imprisonment.

2

The Vaughns also allege that a laboratory report listed both Christopher and Kimberly as suspects, was labelled as "draft," when it should not have been, and that a final version of the report removed Kimberly's name as a suspect when the findings themselves did not change. [1] ¶ 49–51. But the Vaughns do not allege how those defects led to their injury, and it is not reasonable to infer that the reports materially influenced the admissible testimony and evidence supporting Christopher's trial conviction.

The final requirement for Article III standing is that the plaintiffs' injury is "likely to be redressed by a favorable judicial decision." *Flynn*, 39 F.4th at 952 (citing *Spokeo, Inc.*, 578 U.S. at 338). "Redressability turns on the connection between the alleged injury and the judicial relief requested." *Pavlock v. Holcomb*, 35 F.4th 581, 588 (7th Cir. 2022) (internal citation omitted). The Vaughns request that this court order defendants to "correct the July 3, 2007, 'draft' Laboratory Report to remove 'draft'" and "correct the July 26, 2007, Laboratory Report to list Kimberly Vaughn as a suspect." [1] at 14. Assuming, for the sake of argument, that such relief could be ordered, changing the report would not do anything to change or ameliorate the Vaughns' alleged injury—the time and income lost when they have to travel to see their son in prison—because changing the laboratory reports will not change where Christopher Vaughn is held, nor will it change the fact that he is incarcerated. The Vaughns' injury is not likely to be redressed by a favorable judicial decision in this case.

"In addition to the constitutional limitation on standing, courts also impose 'prudential limitations' on the class of persons who may invoke federal jurisdiction." *Massey v. Helman*, 196 F.3d 727, 739 (7th Cir. 1999). One of these prudential limitations is "the general rule that a litigant must assert his own legal rights and cannot assert the legal rights of a third party." *Id*. The Vaughns assert that because of the time and money they spend on traveling to visit their son in prison, they had a right to their son having a "fair and impartial hearing regarding the actions in accordance with the professional rules of ethics and conduct." [1] ¶ 57. Specifically, the Vaughns allege that they had "a right to valid and verified DNA results to be brought before the Grand Jury" and that they "had a right to sworn testimony to be a truthful representation of the findings." [1] ¶¶ 58, 59. The Vaughns also allege that "the process of DNA evidence reporting was devoid of due process and completely arbitrary at every stage." [1] ¶ 60. But the Vaughns do not have a "judicially cognizable interest in the prosecution or non-prosecution of another." *Singley v. Chisholm*, 805 F. App'x 436, 437 (7th Cir. 2020) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). The Vaughns were not parties to the criminal prosecution and cannot base their claim on a violation of their son's rights.

The Vaughns argue that they should be able to use Federal Rule of Civil Procedure 17(a)(3) to join the real party in interest, presumably their son. But federal courts have no subject-matter jurisdiction over claims brought by litigants who lack standing, so to join in their son the Vaughns would still need to have alleged the

3

necessary elements of constitutional standing—an injury-in-fact, directly traceable to the defendants' misconduct, capable of being redressed by a favorable judicial decision. They have not done so here and adding their son as a party would not fix the causation and redressability issues of their claim. (*Heck v. Humphrey*, 114 U.S. 477 (1994), is likely a barrier to any claim by their son challenging his conviction and incarceration.)

The Vaughns have not alleged Article III standing and their claim is dismissed without prejudice. *See White v. Illinois State Police*, 15 F.4th 801, 808 (7th Cir. 2021) ("[A] dismissal on standing grounds can never be with prejudice."). Because the Vaughns lack standing to assert their claim, this court does not have jurisdiction to consider the merits. *See White*, 15 F.4th at 808 ("When a court dismiss a case for lack of Article III standing, it means that the court had no authority to resolve the case.") (internal citation omitted).

ENTER:

Date: May 8, 2023

Manish S. Shah
U.S. District Judge

4